Scott Zarin
NY Bar No. 2823961
*Motion for Admission Pro Hac Vice Forthcoming*
Zarin & Associates LLC
1178 Broadway, 3rd Floor
New York, NY 10001
Telephone: 212-580-3131
scottzarin@copyrightrademarkcounsel.com

LAWRENCE & LAWRENCE LAW, PLLC
Nathan E. Lawrence, NBN 15060
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: 702-534-6556
Facsimile: 702-602-5168
nathan@law2esq.com

*Attorneys for Plaintiff Tyrone Fyffe*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE FYFFE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GERARD TYSON, an individual,<br><br>Defendant. | Case No.: 2:25-cv-01457<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff TYRONE FYFFE ("Plaintiff" or "Mr. Fyffe"), by and through his attorneys of the law firms of ZARIN & ASSOCIATES LLC and LAWRENCE & LAWRENCE LAW, PLLC, as and for his complaint against Defendant MICHAEL GERARD TYSON ("Defendant" or "Mr. Tyson"), hereby alleges and avers as follows:

/ / /



## NATURE OF THE ACTION

(1) This is an action for copyright infringement under the U.S Copyright Act, 17 U.S.C. §101, *et seq.*, and false designation of origin pursuant to 15 U.S.C. §1125(a) of the Lanham Act.

(2) Plaintiff's copyright infringement claim arises out of Defendant Tyson's unauthorized use of the song 'Murdergram', produced and co-written by Plaintiff, in a video Defendant Tyson created and posted on his Instagram account.

(3) Plaintiff's Lanham Act claim arises out of Defendant Tyson's unauthorized use of Plaintiff's trademark, the song title 'Murdergram', on that post on his Instagram account unlawfully displaying a video of this song, thereby misleading viewers of the post into believing that Defendant Tyson is affiliated with or endorsed by Plaintiff.

(4) Plaintiff seeks both monetary damages and injunctive relief on his copyright infringement and Lanham Act claims.

## JURISDICTION AND VENUE

(5) This Court has original subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331 and §1338(a)-(b), as these claims arise out of the Copyright Act of the United States, 17 U.S.C. §101, *et seq.*, and the Lanham Act, 15 U.S.C. §1125.

(6) This Court also has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332, as Plaintiff is a resident of Texas, and Defendant is, upon information and belief, a resident of Nevada.

(7) This Court has personal jurisdiction over Defendant pursuant to Nev. Rev. Stat. ("NRS") §14.065, because, upon information and belief: (i) Defendant is a resident and citizen of Nevada; (ii) Defendant transacts business in Nevada and contracts to supply goods and services in Nevada; (iii) Defendant has committed acts in Nevada which have caused injury to Plaintiff outside Nevada; and/or (iv) Defendant regularly conducts and solicits business in Nevada and/or derives substantial revenue from the sale of goods and services in Nevada.

(8) Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because, upon information and belief, Defendant is subject to personal jurisdiction in this district, a substantial





1  part of the events which give rise to this action have occurred in this district, and Plaintiff has
2  suffered harm from Defendant's conduct in this district.

### THE PARTIES

(9) Plaintiff Tyrone Fyffe is a citizen of Fort Worth, Texas.

(10) Upon information and belief, Defendant Michael Gerard Tyson is a citizen of Las Vegas, Nevada.

### GENERAL FACTUAL ALLEGATIONS

**Plaintiff's Creation And Ownership of The Song 'Murdergram'**

(11) Plaintiff is a highly accomplished and sought after music producer and songwriter, who has created and produced music for a number of prominent recording artists over many years.

(12) In 1998, Plaintiff co-wrote the music for a song titled 'Murdergram', along with co-writers Shawn Carter (p/k/a Jay-Z), Earl Simmons (p/k/a DMX), and Jeffrey Atkins (p/k/a Ja Rule). Plaintiff also produced this song.

(13) Plaintiff is a co-owner of the copyright in the song 'Murdergram' along with Carter, Simmons, and Atkins.

(14) 'Murdergram' was released that same year, 1998, by the record label Murder Inc. Records as a song in the film 'Streets Is Watching', starring Shawn Carter.

(15) Shortly thereafter, Plaintiff applied for and obtained a copyright registration from the U.S. Copyright Office (PA 931-058) for the song 'Murdergram', a true and correct copy of which registration is attached hereto as **Exhibit A**.

(16) After the film 'Streets Is Watching' was released, the soundtrack to the film was also released under the same title; that is 'Streets Is Watching' (the "Soundtrack"). 'Murdergram' was one of the songs on the soundtrack. *See* attached **Exhibit B.**

(17) The Soundtrack was highly successful and sold more than 500,000 copies. Upon information and belief, 'Murdergram' was the most successful and critically acclaimed song on the Soundtrack.

(18) Plaintiff and his co-writers have promoted and marketed the song under its title 'Murdergram' since 1998. Since that time, therefore, music fans have come to associate the word

'Murdergram' as the title of the song, specifically associated with Plaintiff and his co-writers. Accordingly, the song title 'Murdergram' functions as a trademark.

(19) Since the Soundtrack's release in 1998, the song 'Murdergram' has continued to generate revenue for Plaintiff and his co-writers through licensing and digital downloads.

**Defendant Tyson's Copyright Infringement**

**and False Designation of Origin of the Song 'Murdergram'**

(20) Upon information and belief, Defendant Tyson has been a professional boxer since around 1985. In 1986, Defendant Tyson became the youngest heavyweight champion in boxing history. Over the next two decades, Defendant Tyson won a number of heavyweight titles. In or around 2006, Defendant Tyson retired from boxing.

(21) Upon information and belief, thereafter, Defendant Tyson embarked upon a number of business ventures. Among those ventures is: (a) the website www.miketyson.com, through which he sells apparel; (b) the website www.tyson20global.com, through which he sells smoking products; and (c) Mike Tyson Boxing Club, an international chain of boxing clubs, which he operates as a franchise business.

(22) Upon information and belief, in early 2024, Defendant Tyson announced that he would return to the ring to fight a bout against professional boxer Jake Paul in July 2024. After a postponement, that fight was rescheduled for November 15, 2024.

(23) Netflix was the host and exclusive live broadcaster of that match, which took place in Arlington, Texas.

(24) In advance of the boxing match, on November 8, 2024, Defendant Tyson posted an approximately thirty-three second video clip on his Instagram social media account showing him training for the Match, true and correct excerpts of which are attached hereto as **Exhibit C.** The full Exhibit will be manually filed with the Clerk of the Court.

(25) Accompanying the posted video is a segment of Plaintiff's song 'Murdergram'. The song is synchronized to, and the dominant sound component of, the Video. Indeed, other than the vocals of the song, the only words spoken in the Video are by Defendant Tyson, who sings along with the vocals the words 'Murder Motherf-cker.'





(26) As the subject line of the Instagram post of the video, Defendant Tyson listed the title of the song 'Murdergram'.

(27) Defendant Tyson never requested permission from Plaintiff or any of Plaintiff's representatives or co-writers to use the song 'Murdergram' in the video.

(28) Neither Plaintiff nor any of his representatives or co-writers granted Defendant Tyson permission to use the song 'Murdergram' in the video.

(29) Defendant Tyson also never requested permission from Plaintiff or any of his representatives to use the song title 'Murdergram' to promote his boxing match with Jake Paul.

(30) Neither Plaintiff nor any of his representatives granted Defendant Tyson permission to use the song title 'Murdergram' to promote his boxing match with Jake Paul.

(31) By listing the song title 'Murdergram' on his Instagram post, Defendant Tyson misled viewers to believe that Plaintiff endorsed, or was affiliated or associated with, him, and/or his participation in the Match.

(32) More than 452,000 viewers of Defendant Tyson's Instagram post displaying the video containing Plaintiff's copyrighted song and 'Murdergram' trademark have indicated that they 'liked' the video. Upon information and belief, several hundred thousand more people have viewed the video without indicating that they 'liked' it.

(33) Upon information and belief, as a consequence of seeing Defendant Tyson's Instagram post and watching the video, at least five-hundred thousand people, and likely several hundred thousand more, tuned in to Netflix to watch the Tyson/Paul boxing match on November 15, 2024.

(34) Upon information and belief, the Tyson/Paul match broke Netflix's viewership records. Upon information and belief, it was watched live by more than 108 million viewers.

(35) Upon information and belief, as a consequence of the extraordinarily high viewership, driven in part by the video clip containing Plaintiff's song 'Murdergram', Netflix paid Defendant Tyson more than 20 million dollars ($20,000,000) to fight in the boxing match.

(36) Upon information and belief, Defendant Tyson's business ventures, including but not limited to www.miketyson.com, www.tyson20global.com and Mike Tyson Boxing Club,

have generated substantial revenue as a consequence of the Tyson/Paul match, the viewership of which was substantially enhanced by Defendant Tyson's video clip containing the song 'Murdergram'.

## COUNT I

## COPYRIGHT INFRINGEMENT

(37) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

(38) Plaintiff co-wrote, produced, and recorded the song 'Murdergram'.

(39) Without Plaintiff's authorization, consent, or license, Defendant Tyson synchronized the song into the video he created of himself training for his boxing match with Jake Paul.

(40) Upon information and belief, Defendant Tyson reproduced, distributed, and/or publicly performed the song 'Murdergram' in the video, thereby infringing Plaintiff's exclusive rights in the song under 17 U.S.C. §106.

(41) Each unauthorized reproduction, distribution, and/or public performance of the video containing the song constitutes a separate and distinct act of copyright infringement.

(42) Defendant Tyson's conduct was intentional, willful, and with full knowledge of Plaintiff's copyright in the song.

(43) As a consequence of Defendant Tyson's infringement, Plaintiff has suffered, and will continue to suffer, economic losses and damage to his copyright in the song.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

(44) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

(45) Plaintiff co-owns the trademark 'Murdergram', which is the title of the song he produced and co-wrote under this mark.

(46) Without Plaintiff's authorization, consent, or license, Defendant Tyson employed Plaintiff's 'Murdergram' trademark on his Instagram account for the purpose of promoting the



video he created of himself training for his boxing match with Jake Paul.

(47) Defendant Tyson's unauthorized use of Plaintiff's 'Murdergram' trademark constitutes false designation of origin in violation of 15 U.S.C. §1125(a).

(48) Defendant Tyson's wrongful use of the 'Murdergram' mark is likely to cause confusion, mistake, and/or deception as to the source of the video, and to falsely suggest that Plaintiff is associated, affiliated, or connected with Defendant Tyson and/or the boxing match.

(49) Defendant Tyson's wrongful use of Plaintiff's trademark was knowing, intentional, willful, and with full knowledge of Plaintiff's rights in that mark.

(50) As a direct and proximate result of Defendant Tyson's conduct, Plaintiff has suffered, and will continue to suffer, irreputable injury to his reputation and goodwill as well as economic losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

(A) An award of monetary damages in an amount to be proven at trial, pursuant to 17 U.S.C. §504(b), in the form of actual damages, including but not limited to all licensing fees and royalties to which Plaintiff was deprived as well as all profits Defendant Tyson derived from his infringement in the copyright of Plaintiff's song 'Murdergram' by his use of said song in the video Defendant Tyson created of himself training for his boxing match.

(B) In the alternative, an award of statutory damages, pursuant to 17 U.S.C. §504(c), in the amount of $150,000 per infringement of Plaintiff's copyright in the song 'Murdergram' for Defendant Tyson's use of that song in the video he created of himself training for his boxing match.

(C) A permanent injunction enjoining Defendant Tyson, his agents, employees, partners, licensees, and all persons acting in concert with them, from further infringing Plaintiff's copyright in the song 'Murdergram'.

(D) An award of monetary damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a), including, but not limited to, all licensing fees and royalties to which Plaintiff was deprived as well as all profits Defendant Tyson derived from his false designation of origin



of Plaintiff's trademark 'Murdergram' by Defendant Tyson's use of that mark in association with his Instagram post of the video he created of himself training for his boxing match.

(E)  In the alternative, an award of treble damages in an amount to be determined at trial, pursuant to 15 U.S.C. §1117(a), for Defendant Tyson's willfully false designation of origin by his use of Plaintiff's 'Murdergram' trademark in association with his Instagram post of the video he created of himself training for his boxing match.

(F)  A permanent injunction enjoining Defendant Tyson, his agents, employees, partners, licensees, and all persons acting in concert with them, from further violating Plaintiff's rights in the trademark 'Murdergram'.

(G)  All costs and attorneys' fees Plaintiff incurred to prosecute this action, pursuant to 17 U.S.C. §505 of the Copyright Act and to 15 U.S.C. §1117 of the Lanham Act.

(H)  All prejudgment interest, in accordance with the relevant law, on any and all sums recovered.

(I)  Any such other relief as this Court deems just and proper.

DATED this 7th day of August 2025.

**LAWRENCE & LAWRENCE LAW, PLLC**

_____
Nathan E. Lawrence, NBN 15060
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: 702-534-6556
nathan@law2esq.com

Scott Zarin
NY Bar No. 2823961
*Motion for Admission Pro Hac Vice Forthcoming*
Zarin & Associates LLC
1178 Broadway, 3rd Floor
New York, NY 10001
Telephone: 212-580-3131
scottzarin@copyrighttrademarkcounsel.com

*Attorneys for Plaintiff Tyrone Fyffe*

